**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JACOB WHEELER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROMEO POWER, INC., SUSAN BRENNAN, LAUREN WEBB, ROBERT MANCINI, PHILIP KASSIN, DONALD GOTTWALD, LAURENE HORISZNY, TIMOTHY STUART, and PAUL WILLIAMS,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jacob Wheeler ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Romeo Power, Inc. ("Romeo Power" or the "Company") and its corporate directors for violating 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Romeo Power to Nikola Corporation ("Parent") through merger subsidiary J Purchaser Corp. ("Purchaser," and collectively with Parent, "Nikola").[1]

2. On July 30, 2022, Romeo Power entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of Romeo Power by Nikola described herein is referred to as the "Proposed Transaction."

with Nikola (the "Merger Agreement"). The Merger Agreement provides that Romeo Power stockholders will receive 0.1186 of a share of Parent for each share of Romeo Power common stock via a tender offer (the "Tender Offer").[2]

3. Romeo Power's corporate directors, defendants herein, subsequently authorized the August 29, 2022, filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their rights.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections

---

[2] The Tender Offer commenced on August 29, 2022.

[3] The Tender Offer and related withdrawal rights will expire at Midnight (End of Day), Eastern Time, at the end of September 26, 2022, subject to extension in certain circumstances as required or permitted by the Merger Agreement, the SEC, or applicable law.

14(d)(4), 14(e), and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of shares of Romeo Power common stock.

10. Defendant Romeo Power is a Delaware corporation, with its principal executive offices located at 5560 Katella Avenue, Cypress, CA 90630. Shares of Romeo common stock trade on the New York Stock Exchange under the symbol "RMO." The Company is an energy storage technology company, designs and manufactures lithium-ion battery modules and packs for vehicle electrification in North America. Romeo Power designs and manufactures battery modules, battery packs, and battery management system technologies; and provides non-recurring engineering services, such as design, prototype, and testing services. It serves commercial electric vehicle manufacturers, electric powertrain converters, electric watercraft manufacturers, fleet operators, and automobile, and recreational vehicle manufacturers.

11. Defendant Susan Brennan ("Brennan") is and has been the Company's Chief Executive Officer ("CEO"), President, and a director at all times relevant hereto.

12. Defendant Lauren Webb ("Webb") is and has been a director of the Company at all times relevant hereto.

13. Defendant Robert Mancini ("Mancini") is and has been a director of the Company at all times relevant hereto.

14. Defendant Philip Kassin ("Kassin") is and has been a director of the Company at all times relevant hereto.

15. Defendant Donald Gottwald ("Gottwald") is and has been a director of the Company at all times relevant hereto.

16. Defendant Laurene Horiszny ("Horiszny") is and has been a director of the Company at all times relevant hereto.

17. Defendant Timothy Stuart ("MacPhee") is and has been a director of the Company at all times relevant hereto.

18. Defendant Paul Williams ("Williams") is and has been a director of the Company at all times relevant hereto.

19. Defendant Anna S. Richo ("Richo") is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On August 1, 2022, Romeo Power and Parent jointly announced in relevant part:

PHOENIX, Aug. 1, 2022 /PRNewswire/ -- Nikola Corporation (NASDAQ: NKLA), and Romeo Power, Inc. (NYSE: RMO), today announced they have entered into a definitive agreement in which Nikola, a global leader in zero-emissions transportation and energy infrastructure solutions, will acquire Romeo, an energy technology leader delivering advanced electrification solutions for

complex commercial vehicle applications, in an all-stock transaction. The proposed exchange ratio implies a consideration of $0.74 per Romeo share and represents an approximately 34% premium to Romeo's July 29, 2022 closing share price and values 100% of Romeo's equity at approximately $144 million.

Nikola's acquisition of Romeo Power is an important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house. It is expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences.

Nikola's acquisition of Romeo Power is an important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house. It is expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences.

Headquartered in Cypress, California, Romeo is an energy storage technology company focused on designing and manufacturing lithium-ion battery modules and packs for commercial vehicle applications. As Romeo's largest customer, Nikola expects the acquisition will allow for significant operational improvement and cost reduction in battery pack production. The addition of Romeo's battery and battery management system (BMS) engineering capabilities are also expected to support accelerated product development and improved performance for Nikola customers.

"Romeo has been a valued supplier to Nikola, and we are excited to further leverage their technological capabilities as the landscape for vehicle electrification grows more sophisticated. With control over the essential battery pack technologies and manufacturing process, we believe we will be able to accelerate the development of our electrification platform and better serve our customers," said Mark Russell, Nikola's Chief Executive Officer. "Given our strong relationship with Romeo and ongoing collaboration, we are confident in our ability to successfully integrate and deliver the many expected strategic and financial benefits of this acquisition. We look forward to creating a zero-emissions future together."

Robert Mancini, Romeo Power's Chairman of the Board of Directors, added, "As Romeo's largest customer, Nikola has been a cornerstone of our development and growth, and this is a natural evolution of our relationship. Our products provide critical energy density important to heavy-duty vehicles, combined with safety performance and battery management software. Following an extensive review of alternatives, we firmly believe that this combination offers the best opportunity for Romeo shareholders to participate in the ongoing value creation at a larger scale, stronger combined company. It is exciting to see Romeo joining the Nikola family."

**Compelling Strategic Rationale**

- Vertical integration and single product focus will drive significant operational improvement and cost reduction for one of the most expensive components of the bill of materials

5

- Integrated commercial vehicle electrification platform is expected to lead to manufacturing excellence and expected annual cost savings of up to $350 million by 2026; reduce non-cell related battery pack costs by 30-40% by the end of 2023

- An important strategic move for Nikola with minimal capital outlay that will bring Romeo's deep battery and BMS engineering capabilities in-house; expected to accelerate Nikola's product development, increase range and charge rates, and improve customer experiences

- Provides Nikola with domestic battery pack manufacturing capability, complementing Nikola's commitment to dual-source battery pack strategy to satisfy capacity needs

- Romeo has proven battery pack technologies and a significant battery cell supply agreement in place

- Nikola is Romeo's largest production customer, and the parties have strong ongoing engineering collaboration

**Exchange Offer**

The transaction has been approved by the Boards of Directors of both companies. Under the terms of the agreement, Nikola will commence an exchange offer to acquire all of the outstanding shares of Romeo common stock. Under the terms of the agreement, Romeo stockholders will receive 0.1186 of a share of Nikola common stock for each Romeo share, representing an equity value of approximately $144 million and 4.5% pro forma ownership of Nikola. The transaction is expected to be completed by the end of October 2022, subject to the tender by Romeo's stockholders of shares representing a majority of the outstanding Romeo common stock, and customary closing conditions, including regulatory approval. Upon the successful completion of the exchange offer, a newly-formed subsidiary of Nikola will be merged into Romeo, and any remaining shares of Romeo common stock that were not tendered in the exchange offer will be canceled and converted into the right to receive the same consideration payable in the exchange offer.

**Interim Liquidity Support**

Nikola has agreed to provide Romeo with $35 million in interim funding to facilitate continued operations through closing. Funding will consist of $15 million in senior secured notes and up to $20 million for a pack delivery incentive which is a temporary price increase for each pack delivered through expected transaction close. Additional liquidity support is available in the event the transaction closing is delayed.

**Investor Presentation**

A supplemental presentation regarding the transaction is available on the Investor Relations section of the Nikola website.

**Webcast and Conference Call Information**

Nikola will host a webcast for analysts and investors at 11:00 a.m. Eastern Time (8:00 a.m. Pacific Time) on August 1, 2022 at https://www.webcast-eqs.com/nikola20220801/en.

For those unable to participate in the live session, a recording of the webcast will be available on Nikola's Investor Relations website.

**Advisors**

Citigroup Global Markets Inc. acted as sole financial advisor to Nikola on the transaction, and Pillsbury Winthrop Shaw Pittman LLP served as legal advisor. Morgan Stanley & Co. LLC acted as sole financial advisor to Romeo on the transaction, and Latham & Watkins LLP served as legal advisor.

**Nikola Annual Meeting of Stockholders**

Nikola's Annual Meeting of Stockholders is being held on Tuesday, August 2, 2022, at 3:00 p.m. Pacific Time.  Nikola intends to file today a supplement to its proxy statement for the Annual Meeting.  Nikola has sufficient shares of authorized but unissued common stock available to complete the proposed transition and will not need to use any of the share increase being considered at the Annual Meeting.

**The Materially Incomplete and Misleading Solicitation Statement**

22.     The Board caused a materially incomplete and misleading Solicitation Statement to be filed with the SEC on August 29, 2022.  The Solicitation Statement, which recommends that Romeo Power stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning the Company's and Nikola's respective financial forecasts and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co., LLC ("Morgan Stanley").

*Material Misrepresentations and/or Omissions Concerning Financial Forecasts and Morgan Stanley's Financial Analyses*

23.     The Solicitation Statement fails to disclose material information concerning Romeo Power's financial forecasts, including the line items underlying forecasted EBITDA and free cash flows ("FCFs") with respect to both the Company's "Case A" and "Case B" projections. The Solicitation Statement similarly fails to provide the working definition of EBITDA and FCF as utilized by Morgan Stanley in connection with its analyses, as well as a quantification of the assumptions underlying each respective case of forecasts.

24.     The Solicitation Statement fails to disclose any financial forecasts for Parent notwithstanding that the consideration offered to Company stockholders in connection with the Proposed Transaction is shares of Parent's common stock.

25.     The Solicitation Statement fails to disclose material information concerning Morgan Stanley's financial analyses, including with respect to the financial advisor's *Discounted Cash Flow Analysis* ("*DCF*"). Specifically, the Solicitation Statement fails to disclose (a) the value of the Company's stock based compensation expense; (b) its net taxes and changes in net working capital; (c) its terminal value; (d) the Company's net operating losses as utilized by Morgan Stanley in connection with the analysis; (e) the inputs and assumptions underlying the range of perpetuity growth rates utilized by Morgan Stanley in connection with the analysis; (f) the inputs and assumptions underlying the range of discount rates utilized by Morgan Stanley in connection with the analysis; (g) Romeo Power's weighted average cost of capital; and (h) the Company's fully diluted share count.

26.     With respect to the *Public Trading Comparables Analysis* performed by Morgan Stanley*,* the Solicitation Statement fails to disclose: (a) the inputs, metrics, and assumptions used to determine an AV/2023 Revenue multiple range of 0.50x – 0.90x; (b) the inputs, metrics, and

assumptions used to determine an AV/2024 Revenue multiple range of 0.10x – 0.40x; (c) the Company's total debt; and (d) its total cash and the balance of its total cash equivalents.

27. With respect to the *Discounted Equity Value Analysis* performed by Morgan Stanley, the Solicitation Statement fails to disclose: (a) the projected fully diluted share count for Romeo Power, (b) the inputs and assumptions underlying the range of discount rates utilized by Morgan Stanley in connection with the analysis; (c) the Company's estimated standalone calculated cost of equity; and (d) the inputs, metrics, and assumptions used to determine AV/NTM EBITDA multiple ranges utilized by Morgan Stanley in connection with the analysis.

28. In sum, the omission of the above-referenced information renders statements in the "Background of the Offer and Merger," "Opinion of the Company's Financial Advisor," and "Certain Unaudited Prospective Financial Information" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Romeo Power will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

29. Plaintiff repeats all previous allegations as if set forth in full.

30. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Romeo Power stockholders to tender their shares in the Tender Offer.

31.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

32.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

33.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

34.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

35.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

36.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Romeo Power, who will be deprived of their right to make

an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

38. Plaintiff repeats all previous allegations as if set forth in full.

39. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

40. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Romeo Power stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Goldman Sachs' financial analyses, the background of the Proposed Transaction, and Company insiders' potential conflicts of interest.

41. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

42. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff repeats all previous allegations as if set forth in full.

44. The Individual Defendants acted as controlling persons of Romeo Power within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Romeo Power, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the

12

unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered; descriptions into which Company directors had input.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Romeo Power stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Romeo Power, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 8, 2022

**LONG LAW, LLC**

By */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*